IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ALAN LAYTON, | No. 2:12-CV-1877-MCE-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| PEOPLE OF THE STATE OF CALIFORNIA, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court are defendants' motions to dismiss (Docs. 5, 7, and 9). The matters were set for hearing before the undersigned on October 9, 2012. George Ernest Washington, Esq., Douglas Robert Thorn, Esq., and Alberto Gonzales, Esq,. appeared for defendants. Plaintiff did not appear.[1]

/ / /

/ / /

---

[1] Plaintiff's request for a continuance, filed on October 5, 2012, is denied as untimely. See Local Rule 230(f) (requiring request for continuance be made at least seven days prior to scheduled hearing).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: People of the State of California; Michael L. Ramsey; County of Butte; Superior Court of the State of California, County of Butte; William Lamb; Christine Dowling; Ron Selar; C. Gallagher; and the Town of Paradise.

Plaintiff states that, on January 1, 2000, someone called the police complaining that plaintiff has hit someone at the Pelican's Roost Chowder House restaurant. (Compl., ¶ 35). According to plaintiff, he did not hit anyone. (Compl., ¶ 35). Plaintiff states that the leading officer, defendant Ron Selar, "made allegations that Petitioner was drinking." According to plaintiff, he was not drinking. (Compl., ¶ 36). Plaintiff then states that, on December 9, 2011, also at the Pelican's Roost Chowder House restaurant, defendants Selar and Gallagher falsely arrested him. (Compl., ¶ 41). He states that he was beaten during the course of the arrest. According to plaintiff, "the only thing he was doing was assisting his aged parents to walk back to the car." (Compl., ¶ 41). Plaintiff again alleges that false information that he had hit someone was provided to the police. (Compl., ¶ 41). The arrest resulted in criminal case no. SCR86646 being filed against plaintiff in the Butte County Superior Court. (Compl., ¶ 44).

The criminal complaint was filed on December 22, 2011, by defendant Christine Dowling, apparently a deputy district attorney for Butte County. (Compl., ¶ 46). Plaintiff alleges that defendants knew the charges were false. (Compl., ¶ 49). According to plaintiff, he was charged with resisting arrest (count 1), carrying a concealed firearm (count 2), and carrying a switchblade (count 3). Plaintiff says that he was not resisting arrest but, instead, he was assisting his elderly parents to their car. He states that he cannot be guilty of carrying a concealed firearm because he allowed to do so under Montana law. He states that the switchblade is an allowed "work knife." (Compl., ¶ 50). Plaintiff states that defendants "steam rolled" over him to obtain a guilty verdict on the charges. (Compl., ¶¶ 51-52).

/ / /

/ / /

For relief, plaintiff seeks the following: (1) an injunction staying the state court criminal case against him; (2) an order that the state court criminal judgment against him is null and void; (3) an order voiding the criminal complaint against him; (4) and compensatory damages.

## II. STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at

1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

In their motion to dismiss (Doc. 5), defendants State of California, Butte County Superior Court, and William Lamb argue: (1) the court should abstain from exercising jurisdiction under the Rooker-Feldman abstention doctrine; (2) the Eleventh Amendment bars suit; and (3) plaintiff fails to state any claim upon which relief can be granted.  In their separate motion (Doc. 7), defendants County of Butte, Christine Dowling, and Michael Ramsey argue that Dowling and Ramsey are immune from suit, that plaintiff has not stated a cognizable claim against the County of Butte, and that the court should abstain under Younger v. Harris.  In their

separate motion to dismiss (Doc. 9), defendants Town of Paradise and C. Gallagher join in the other defendants' arguments.[2]

### A. Abstention

All defendants join in arguing that the court should abstain from exercising jurisdiction in this case. The court agrees because the underlying state court criminal proceedings are ongoing.[3] Under Younger v. Harris, 401 U.S. 37 (1971), the federal court should abstain from hearing a civil rights claim arising from an ongoing criminal prosecution.[4] Here, because it is clear based on judicially noticed information that plaintiff's related state court criminal case is ongoing, the court should abstain from exercising jurisdiction.[3]

### B. Immunities

Defendants Dowling and Ramsey are Butte County prosecutors. Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). This immunity extends to actions during both the pre-trial and post-trial phases of a case. See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984). State prosecutors are entitled to absolute

---

[2] According to counsel for Town of Paradise, it does not employ any officer by the name of Ron Selar. Counsel argues that the proof of service purporting to show personal service on Selar is forged by an activist assisting plaintiff.

[3] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967). A review of the Butte County Superior Court docket for case no. SCR86646 reflects that plaintiff was charge with resisting arrest, carrying a concealed firearm, and carrying a switchblade. Trial is set for October 15, 2012.

[4] While the court has the discretion to stay a civil rights action filed while state court proceedings are ongoing, see Wallace v. Kato, 127 S.Ct. 1091, 1097-98 (2007), no party has requested a stay.

[3] The court does not agree that abstention under the Rooker-Feldman abstention doctrine is appropriate because that doctrine applies in cases where the underlying state action has been resolved and the federal action seeks re-litigation of matters already decided in state court. Here, nothing has yet been resolved in state court.

prosecutorial immunity for acts taken in their official capacity. See Kalina v. Fletcher, 522 U.S. 118, 123-25 (1997). In this case, plaintiff's claims against Dowling and Ramsey arise out of the performance of their official duties in the context of the criminal prosecution against plaintiff. As such, they are immune from suit.

**C.    Eleventh Amendment**

Defendants the State of California, the Butte County Superior Court, and William Lamb, who is a judge, argue that plaintiff's action is barred by the Eleventh Amendment. The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc). Under California law, state courts and their judges are also considered state officers working for an arm of the state. See Cal. Gov. Code ¶ 811.9; see also Greater Los Angeles Council on Deadness, Inc., v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) (holding that the superior court is an arm of the state).

The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities. See id. Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities. See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). The Eleventh Amendment also does not bar suits against cities and counties. See Monell v. Dep't of Soc.

Servs., 436 U.S. 658, 690 n.54 (1978).

Here, the Eleventh Amendment bars plaintiff's damages claims against defendants the State of California, the Butte County Superior Court, and William Lamb.

### D. Municipal Liability

Plaintiff names as defendants the Town of Paradise and the County of Butte. In arguing that plaintiff has not stated a cognizable claim, they assert that plaintiff has not alleged any facts to show municipal liability. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

In this case, plaintiff has not alleged any custom or policy on the part of any municipal entity named as a defendant. And, even if he could, the court lacks jurisdiction over any claims against municipal entities under Younger, discussed above.

/ / /

/ / /

/ / /

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' motions to dismiss (Docs. 5, 7, and 9) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 17, 2012

　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE